■ In the Matter of the Arbitration between the BOARD OF EDUCATION OF LINDENHURST UNION FREE SCHOOL DISTRICT, Respondent, and TEACHERS ASSOCIATION OF LINDENHURST, Appellant.—In a proceeding pursuant to CPLR article 75 to stay arbitration, the appeal is from a judgment of the Supreme Court, Suffolk County, entered May 11, 1976, which, *inter alia,* granted the application. Judgment affirmed, with $50 costs and disbursements. The instant appeal is utterly devoid of merit. We agree that the essence of the teachers association's demand for arbitration is to annul the school district's abolition of several nurse-teacher positions and to compel the district to reinstate the incumbents to their former positions. Such issue is not, however, arbitrable under the parties' collective bargaining agreement, and the association so concedes. The association's efforts to avoid the consequences of its own acts by describing the demand as having been inartfully drawn, and then twice "redefining" the nature of its grievance, once in its answer to the petition for a stay of arbitration and the second time in its reply brief on appeal, are clearly disingenuous. The first such redefinition charges the school district with violating article XXII B of the contract, a supplemental recall provision, by failing to appoint the incumbent nurse-teachers to vacancies in the newly created registered nurse position. The school district denies this, and this court takes judicial notice of the papers filed in another appeal, *Matter of Nixon v Board of Educ.* (60 AD2d 631), in which the former nurse-teachers are challenging their termination. Those papers indicate that the district has, in fact, appointed former nurse-teachers applying therefor to the registered nurse position. The second redefinition, obviously occasioned by the district's afore-mentioned denial, which the association has the effrontery to criticize as dehors this record, frames the issue sought to be arbitrated as whether the nurse-teacher incumbents are certified to fill vacancies, if any, in any teaching positions in accordance with article XXII B. Suffice it to say that the association is now arguing in a vacuum since it has never demonstrated, much less even alleged, that any former nurse-teacher, qualified or "certified" to fill an existing or expected vacancy and not displaced by any other excessed teacher on a preferred eligibility list (see Education Law, § 2510, subd 3), has been denied appointment to such vacancy. Thus, regardless of the existence of a broad arbitration clause, the fatal flaw here is the absence of any underlying grievance or valid dispute. Cohalan, J. P., Margett, Damiani and Shapiro, JJ., concur.